UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SHANNON CARTER,<br><br>                    Plaintiff<br><br>     v.<br><br>NEVADA DEPARTMENT OF CORRECTIONS et al.,<br><br>                    Defendants | Case No.  2:18-cv-00351-JCM-CWH<br><br>SCREENING ORDER |

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis* and a motion requesting screening. (ECF Nos. 1, 1-1, 3).  The matter of the filing fee shall be temporarily deferred.  The court now screens plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A.

**I.      SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1),(2).  *Pro se* pleadings, however, must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim, if "the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a

claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).  Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint.  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.  *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).  In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff.  *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).  Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980).  While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A formulaic recitation of the elements of a cause of action is insufficient.  *Id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."  *Id.*  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Id.*

"Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.    SCREENING OF COMPLAINT[1]

In the complaint, plaintiff sues multiple defendants for events that took place while plaintiff was incarcerated at High Desert State Prison ("HDSP"). (ECF No. 1-1 at 1). Plaintiff sues defendants NDOC[2], James Dzurenda (NDOC director), Romeo Aranas (medical director), M. Cervas (medical grievance responder), Bob Faulkner, and Tonya P. (nurse). (*Id.* at 1-3). Plaintiff alleges one count and seeks monetary damages and injunctive relief ordering the NDOC to hire more optometrists to serve the 3,000 plus inmates at HDSP. (*Id.* at 4, 9).

The complaint alleges the following: in March 2016, plaintiff informed HDSP medical staff that he was in need of an eye doctor. (*Id.* at 4). Plaintiff filed multiple medical kites but received no response. (*Id.*) Plaintiff filed another grievance and informed medical of his severe and painful migraines; loss of vision; inability to read letters from friends and family; and inability to do everyday activities. (*Id.*) Faulkner, Cervas, and

---

[1] In light of this screening order, the court denies the motion requesting screening (ECF No. 3) as moot.

[2] The court dismisses defendant NDOC, with prejudice, from this case as amendment would be futile. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that the NDOC, a state agency, is immune from suit under the Eleventh Amendment).

- 3 -

Aranas responded to plaintiff's grievances stating that they knew "about the issue with the eye doctor and [that they were] trying to get him to see more inmates and that [plaintiff] was #133 on the list." (*Id.*) This was six months after plaintiff informed medical that he needed to see a doctor. (*Id.*)

Plaintiff finally saw a doctor after ten months. (*Id.*) That doctor prescribed plaintiff eye medication. (*Id.*) However, HDSP medical staff withheld the medication for months causing plaintiff to suffer from migraine headaches and dry eyes, as well as preventing plaintiff from engaging in everyday activities. (*Id.*) Tonya P. was responsible for withholding plaintiff's eye medication for months even though she knew plaintiff needed it. (*Id.* at 5). HDSP procedures and policies require inmates to wait an average of 10 to 12 months for an eye examination and/or prescription eye medication even after being informed of severe pain, dry eyes, decreases in vision, and painful migraines. (*Id.*) Plaintiff alleges a claim for Eighth Amendment deliberate indifference to serious medical needs. (*Id.* at 4).

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012).

To establish the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted). To satisfy the deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain

or possible medical need and (b) harm caused by the indifference." *Id.* "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* (internal quotations omitted). When a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay led to further injury. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference").

The court finds that plaintiff states a colorable deliberate indifference to serious medical needs claim. Based on the allegations, prison officials were aware for ten months that plaintiff had severe migraines, loss of vision, and the inability to conduct daily activities due to his vision issues but delayed treatment. Additionally, based on the allegations, when plaintiff did receive treatment, Tonya P. withheld plaintiff's medication from him. The court will permit this claim to proceed on screening against defendants Aranas, Faulkner, Cervas, and Tonya P.

Although there are no facts indicating that Dzurenda was personally involved in plaintiff's medical care, the current director of the NDOC is still a proper defendant for plaintiff's claim for injunctive relief because he would be responsible for carrying out the injunctive relief. *See Colwell v. Bannister*, 763 F.3d 1060, 1070 (9th Cir. 2014) (holding that "a corrections department secretary and prison warden were proper defendants in a § 1983 case because '[a] plaintiff seeking injunctive relief against the [s]tate is not required to allege a named official's personal involvement in the acts or omissions constituting the alleged constitutional violation. Rather, a plaintiff need only identify the law or policy challenged as a constitutional violation and name the official within the entity who can appropriately respond to injunctive relief.'"). As such, this claim will also proceed against defendant Dzurenda for injunctive relief.

**III.   CONCLUSION**

For the foregoing reasons, it is ordered that a decision on the application to

proceed *in forma pauperis* (ECF No. 1) is deferred.

It is further ordered that the motion requesting screening (ECF No. 3) is denied as moot.

It is further ordered that the clerk of the court file the complaint (ECF No. 1-1) and send plaintiff a courtesy copy.

It is further ordered that count I, alleging Eighth Amendment deliberate indifference to serious medical needs, will proceed against defendants Aranas, Faulkner, Cervas, and Tonya P. The portion of this claim alleging injunctive relief will also proceed against defendant Dzurenda.

It is further ordered that defendant NDOC is dismissed with prejudice from this case as amendment would be futile.

It is further ordered that given the nature of the claim(s) that the court has permitted to proceed, this action is **STAYED** for 90 days to allow plaintiff and defendant(s) an opportunity to settle their dispute before the $350.00 filing fee is paid, an answer is filed, or the discovery process begins. During this 90-day stay period, no other pleadings or papers shall be filed in this case, and the parties shall not engage in any discovery, nor are the parties required to respond to any paper filed in violation of the stay unless specifically ordered by the court to do so. The court will refer this case to the court's inmate early mediation program, and the court will enter a subsequent order. Regardless, on or before 90 days from the date this order is entered, the office of the attorney general shall file the report form attached to this order regarding the results of the 90-day stay, even if a stipulation for dismissal is entered prior to the end of the 90-day stay. If the parties proceed with this action, the court will then issue an order setting a date for defendants to file an answer or other response. Following the filing of an answer, the court will issue a scheduling order setting discovery and dispositive motion deadlines.

It is further ordered that "settlement" may or may not include payment of money damages. It also may or may not include an agreement to resolve plaintiff's issues differently. A compromise agreement is one in which neither party is completely satisfied

with the result, but both have given something up and both have obtained something in return.

It is further ordered that if the case does not settle, plaintiff will be required to pay the full $350.00 filing fee. This fee cannot be waived. If plaintiff is allowed to proceed *in forma pauperis,* the fee will be paid in installments from his prison trust account. 28 U.S.C. § 1915(b). If plaintiff is not allowed to proceed *in forma pauperis*, the $350.00 will be due immediately.

It is further ordered that if any party seeks to have this case excluded from the inmate mediation program, that party shall file a "motion to exclude case from mediation" on or before 21 days from the date of this order. The responding party shall have 7 days to file a response. No reply shall be filed. Thereafter, the court will issue an order, set the matter for hearing, or both.

It is further ordered that the clerk of the court shall electronically SERVE a copy of this order and a copy of plaintiff's complaint (ECF No. 1-1) on the office of the attorney general of the state of Nevada, by adding the attorney general of the state of Nevada to the docket sheet. This does not indicate acceptance of service.

It is further ordered that the attorney general's office shall advise the court within 21 days of the date of the entry of this order whether it will enter a limited notice of appearance on behalf of defendants for the purpose of settlement. No defenses or objections, including lack of service, shall be waived as a result of the filing of the limited notice of appearance.

DATED February 27, 2019.

_James C. Mahan_
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

SHANNON CARTER,

        Plaintiff,

    v.

NEVADA DEPARTMENT OF CORRECTIONS et al.,

        Defendants.

Case No. 2:18-cv-00351-JCM-CWH

REPORT OF ATTORNEY GENERAL RE: RESULTS OF 90-DAY STAY

**NOTE: ONLY THE OFFICE OF THE ATTORNEY GENERAL SHALL FILE THIS FORM. THE INMATE PLAINTIFF SHALL NOT FILE THIS FORM.**

On _____ [*the date of the issuance of the screening order*], the court issued its screening order stating that it had conducted its screening pursuant to 28 U.S.C. § 1915A, and that certain specified claims in this case would proceed. The court ordered the office of the attorney general of the state of Nevada to file a report ninety (90) days after the date of the entry of the court's screening order to indicate the status of the case at the end of the 90-day stay. By filing this form, the office of the attorney general hereby complies.

**REPORT FORM**

[Identify which of the following two situations (identified in bold type) describes the case, and follow the instructions corresponding to the proper statement.]

**Situation One: Mediated Case**: **The case was assigned to mediation by a court-appointed mediator during the 90-day stay.** [If this statement is accurate, check **ONE** of the six statements below and fill in any additional information as required, then proceed to the signature block.]

    \_\_\_\_ A mediation session with a court-appointed mediator was held on _____ [*enter date*], and as of this date, the parties have reached a settlement (*even if paperwork to memorialize the settlement remains to be completed*). (*If this box is checked, the parties are on notice that they must SEPARATELY file either a contemporaneous stipulation of dismissal or a motion requesting that the court continue the stay in the case until a specified date upon which they will file a stipulation of dismissal.*)

    \_\_\_\_ A mediation session with a court-appointed mediator was held on _____ [*enter date*], and as of this date, the parties have not reached a settlement. The office of the attorney general therefore informs the court of its intent to proceed with this action.

- 8 -

____ No mediation session with a court-appointed mediator was held during the 90-day stay, but the parties have nevertheless settled the case. (*If this box is checked, the parties are on notice that they must SEPARATELY file a contemporaneous stipulation of dismissal or a motion requesting that the court continue the stay in this case until a specified date upon which they will file a stipulation of dismissal.*)

____ No mediation session with a court-appointed mediator was held during the 90-day stay, but one is currently scheduled for _____ [*enter date*].

____ No mediation session with a court-appointed mediator was held during the 90-day stay, and as of this date, no date certain has been scheduled for such a session.

____ None of the above five statements describes the status of this case. Contemporaneously with the filing of this report, the office of the attorney general of the state of Nevada is filing a separate document detailing the status of this case.

* * * * *

**Situation Two: Informal Settlement Discussions Case**: **The case was NOT assigned to mediation with a court-appointed mediator during the 90-day stay; rather, the parties were encouraged to engage in informal settlement negotiations.** [If this statement is accurate, check **ONE** of the four statements below and fill in any additional information as required, then proceed to the signature block.]

____ The parties engaged in settlement discussions and as of this date, the parties have reached a settlement (*even if the paperwork to memorialize the settlement remains to be completed*). (*If this box is checked, the parties are on notice that they must SEPARATELY file either a contemporaneous stipulation of dismissal or a motion requesting that the court continue the stay in this case until a specified date upon which they will file a stipulation of dismissal.*)

____ The parties engaged in settlement discussions and as of this date, the parties have not reached a settlement. The office of the attorney general therefore informs the court of its intent to proceed with this action.

____ The parties have not engaged in settlement discussions and as of this date, the parties have not reached a settlement. The office of the attorney general therefore informs the court of its intent to proceed with this action.

____ None of the above three statements fully describes the status of this case. Contemporaneously with the filing of this report, the office of the attorney general of the state of Nevada is filing a separate document detailing the status of this case.

Submitted this _____ day of _____, _____ by:

Attorney Name: _____   _____
                              Print                                                          Signature

Address: _____       Phone:

_____       _____

Email:

_____