| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | **UNITED STATES DISTRICT COURT** |
| 5 | **DISTRICT OF NEVADA** |
| 6 | * * * |

| | | |
|---|---|---|
| 7 | SHANNON CARTER, | Case No. 2:18-cv-00351-JCM-DJA |
| 8 | Plaintiff, | |
| 9 | v. | **ORDER** |
| 10 | JAMES DZURENDA, et al., | |
| 11 | Defendants. | |

Presently before the court is pro se Plaintiff Shannon Carter's Motion to Compel (ECF No. 37), filed on January 2, 2020. Defendants filed a Response (ECF No. 38) on January 16, 2020. No reply was filed. Plaintiff indicates that he has met and conferred with Defense counsel three times via telephone about Defendant Tawyna Perry's responses to his request for production of documents. He does not specify what is deficient about the responses, but rather, he just indicates that he wants the documents requested in his Exhibit 1. Defendant opposes Plaintiff's request by arguing: (1) Plaintiff does not cite to any legal authority – although it is assumed Fed.R.Civ.P. 37 applies; (2) Defendant Perry's objections and responses complied with Rule 34; and (3) the issue appears to be Plaintiff's request for his entire medical file, rather than just the eye care allegations at issue in this case. Defense counsel coordinated a way for Plaintiff to request to review his medical records in the medical department and he may make copies of any portion of those records, which moots his request.

Fed.R.Civ.P 34 requires a party upon whom document requests are served to respond in writing within 30 days after being served with the requests. The Court finds that Defendant Perry did so in this case as evidenced by Exhibit 1 to Plaintiff's Motion to Compel. Plaintiff fails to point out any specific deficient responses nor objections for the Court's review. The Court is not

required to dig through the entire request for production and analyze each request without any points and authority from Plaintiff as to specific deficiencies. Furthermore, as Defendant points out, if the actual issue is Plaintiff's ability to obtain his medical records, then the instant motion is improper to seek that relief. Defendant Perry does not have those records in her possession and Plaintiff has been notified as to the way in which to review his entire medical file. Therefore, the Court will deny Plaintiff's Motion to Compel (ECF No. 37).

This matter is also before the Court on Defendants' Motion for an Extension of Time to File a Motion for Summary Judgment (ECF No. 39), filed on February 26, 2020. Defendants indicate they would like an extension of thirty days until after the Court rules on Plaintiff's Motion to Compel. Plaintiff did not file a Response to Defendants' request and the Court finds good cause to grant a thirty-day extension. As such, the Court will set the dispositive motions deadline for thirty days from today.

IT IS HEREBY ORDERED that Plaintiff Shannon Carter's Motion to Compel (ECF No. 37) is **denied**.

IT IS FURTHER ORDERED the Defendants' Motion for an Extension of Time to File a Motion for Summary Judgment (ECF No. 39) is **granted** and the dispositive motions deadline is set for thirty days from today.

DATED: March 11, 2020.

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE